UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

CRAIG D. CLEMONS,            CASE NO. 10-11608-NPO

DEBTOR.            CHAPTER 13

## MEMORANDUM OPINION AND ORDER
## DENYING TRUSTEE'S OBJECTION TO EXEMPTIONS

This matter is before the Court on the Trustee's Objection to Exemptions (Dkt. No. 22), the Memorandum Brief in Support of Trustee's Objection to Exemptions (the "Trustee's Brief")(Dkt. No. 50), both of which were filed by Locke D. Barkley, the chapter 13 trustee (the "Trustee"), and the untitled Trustee's Brief opposing the Trustee's Objection to Exemptions (the "Debtor's Response") filed by Craig D. Clemons (the "Debtor"), in the above-styled chapter 13 proceeding. The Court, being fully advised in the premises, finds that the Trustee's Objection to Exemptions is not well-taken and should be overruled for the reasons set forth below.[1]

### Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157 (b)(2)(A) and (B).

### Facts

The Debtor filed a voluntary petition for relief (Dkt. No. 1) under to chapter 13 of the Bankruptcy Code on March 31, 2010. On Schedule C (Dkt. No. 1), the Debtor claimed a 1997 GMC

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rules of Bankruptcy Procedure 9014.

Safari (the "Safari") and a 2003 CBR motorcycle (the "Motorcycle") as exempt property.[2] The Debtor claims that the Safari is a work truck, which is not used for personal transportation, and that the Motorcycle is his only mode of personal transportation. (Trustee's Brief, p. 1; Debtor's Response, p. 1). The Debtor's chapter 13 plan (the "Plan")(Dkt. No. 10) proposes a 0% distribution to general unsecured creditors. There is no secured lien on the Motorcycle, and according to the Debtor's Schedules I and J, there is no disposable monthly income available for general unsecured creditors. (Trustee's Brief, p. 2). The Trustee does not object to the Debtor's retaining the Motorcycle or the confirmation of the Plan. Id. However, the Trustee objects to the proposition that the Motorcycle is exempt property under Mississippi law. Id.

### Issue

May a debtor claim a motorcycle as exempt property under Mississippi law?

### Discussion

#### A. The Mississippi Exemption Statute

Mississippi elected to opt out of the federal exemption paradigm pursuant to 11 U.S.C. § 522(b). Mississippi residents[3] use the exemptions set forth in Miss. Code Ann. § 85-3-1, entitled "Property exempt from execution or attachment" (the "Exemption Statute"). *See* Miss. Code Ann. § 85-3-1. The Exemption Statute states in pertinent part:

There shall be exempt from seizure under execution or attachment:

(a) Tangible personal property of the following kinds selected by the debtor, not exceeding Ten Thousand Dollars ($10,000.00) in cumulative value:

---

[2] The Debtor also owned a four-wheeler and a Chevy Camaro, both of which he surrendered.

[3] The parties do not dispute that the Debtor is a Mississippi resident.

>    (i) Household goods, wearing apparel, books, animals or crops;
>
>    (ii) Motor vehicles;
>
>    (iii) Implements, professional books or tools of the trade;
>
>    (iv) Cash on hand;
>
>    (v) Professionally prescribed health aids:
>
>    (vi) Any items of tangible personal property worth less than Two Hundred Dollars ($200.00) each.

Miss. Code Ann. § 85-3-1(a). The Exemption Statute does not define the term "motor vehicles."

### B. Interpretation of Mississippi's Exemption Statute

A fundamental tenet of statutory interpretation is that "the words of a statute will be given their plain meaning absent ambiguity." Hennington v. Amercian Express Co., 2010 WL 1329003, *2 (S.D. Miss. March 29, 2010)(citing Texas Food Indus. Ass'n v. U.S. Dept. of Agric., 81 F.3d 578, 582 (5th Cir. 1996)). The Mississippi Supreme Court has held that "[i]f a statute is not ambiguous, the court should apply the plain meaning of the statute. Ultimately, however, ths Court's goal is to discern the legislative intent." Sykes v. State, 757 So. 2d 997, 1000 (Miss. 2000)(citing Mississippi Power Co. v. Jones, 369 So. 2d 1381, 1388 (Miss. 1979)). The Mississippi Supreme Court has also held that it "will not resort to canons of statutory construction when the statute in question is clear and unambiguous." East Pacific v. Quintanilla, 923 So. 2d 266, 269 (Miss. App. 2006)(internal citations omitted).

When interpreting a statute, this Court begins with the language of the statute itself. The Exemption Statute states,

> There shall be exempt from seizure under execution or attachment:
>
> (a) Tangible personal property of the following kinds selected by the debtor, not

>     exceeding Ten Thousand Dollars ($10,000.00) in cumulative value:
>
>     . . .
>
>     (ii) Motor vehicles; . . .

Miss. Code Ann. § 85-3-1. The term "motor vehicles" is clear and unambiguous and should be given its plain meaning. Merriam Webster's Collegiate Dictionary (11th ed. 2007) defines "motor vehicle" as "an automotive vehicle not operated on rails; esp: one with rubber tires for use on highways." The same dictionary defines "automotive" as "self-propelled." Id. Motorcycles are certainly self-propelled vehicles not operated on rails, but which have rubber tires for use on highways. As a matter of fact, "motorcycle" is defined as a "2-wheeled automotive vehicle for one or two people." Id. Therefore, the plain meaning of "motor vehicles" includes motorcycles. If the Mississippi Legislature had desired to narrow the types of "motor vehicles" affected by the Exemption Statute, it certainly knew how to add restricting language to accomplish that goal. Accordingly, this Court holds that motorcycles fall within the category "motor vehicles" and as such are a type of tangible personal property included in the Exemption Statute.[4] A debtor may, therefore, claim a motorcycle as exempt property pursuant to Miss. Code Ann. § 85-3-1.

### C. Other Mississippi Statutes Cited in the Trustee's Brief and Debtor's Response

The Mississippi Code is replete with sections which define "motor vehicles" to include motorcycles. Miss. Code Ann. § 63-3-103 (Motor Vehicles and Traffic Regulation - Definitions) sets forth the following pertinent definitions:

>     (a) "Vehicle" means every device upon or by which any person or property is or may

---

[4] The Court notes that this holding is consistent with the Supreme Court's statement that "exemptions in bankruptcy cases are part and parcel of the fundamental bankruptcy concept of a 'fresh start'" recently made in Schwab v. Reilly, 130 S.Ct. 2652, 2667 (U.S. June 17, 2010) (internal citation omitted).

> be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
>
> (b) "Motor vehicle" means every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolled wires, but not operated upon rails. The term "motor vehicle" shall not include electric personal assistance mobility devices.
>
> (c) "Motorcycle" means every motor vehicle having a saddle for the use of the rider and designed to travel on not more than three (3) wheels in contact with the ground but excluding a tractor.

<u>Id.</u>

Miss Code Ann. § 27-19-3 (Motor Vehicle Privilege Taxes - Definitions) sets forth as follows:

> (a) The following words or phrases when used in this article for the purpose of this article have the meanings respectively ascribed to them in this section, except in those instances where the context clearly describes and indicates a different meaning:
>
> > (1) "Vehicle" means every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, except devices moved by muscular power or used exclusively upon stationary rails or tracks.
> >
> > . . .
> >
> > (3) "Motor vehicle" means every vehicle as defined in this section which is self-propelled, including trackless street or trolley cars. The term "motor vehicle" shall not include electric personal assistance mobility devices as defines in Section 63-3-103.
> >
> > . . .
> >
> > (5) "Motorcycle" means every vehicle designed to travel on not more than three (3) wheels in contact with the ground, except vehicles included in the term "tractor" as herein classified and defined.

<u>Id.</u>

Miss. Code Ann. § 27-19-56 (License Plates) states that, "The terms 'vehicle' and 'motor vehicle,' as used in this section, include motorcycles." Likewise, Miss. Code Ann. § 27-19-303 (Motor Vehicle Dealer Tag Permit Law - Definitions) also categorizes a motorcycle as a motor vehicle.[5] Section 27-19-303 states in pertinent part:

> The following words and phrases, when used in this article, shall for purposes thereof have the meaning ascribed thereto as follows:
>
> (a) "Motor vehicle' shall mean every vehicle intended primarily for use and operation on the public highways, which is self-propelled . . . .
>
> . . .
>
> (c) "Motor vehicle dealer" shall means any business engaged in the selling or exchanging of new or new and used motor vehicles . . . . For the purposes of this paragraph <u>each of the following categories shall be considered a different motor vehicle type</u>:
>
> (ii) Motorcycles.

Miss. Code Ann. § 27-19-303 (emphasis added). Additionally, Miss. Code Ann. § 17-17-403 (Disposal of Waste, Tires and Lead Acid Batteries - Definitions) categorizes a motorcycle as a motor vehicle. Neither the Debtor nor the Trustee has pointed out any sections of the Mississippi Code where motorcycles are defined as anything other than motor vehicles. This Court's own research has yielded no instances in which a section of the Mississippi Code considers motorcycles anything other than motor vehicles.

The Trustee points out that each section of the Mississippi Code which discusses motorcycles limits the application of that section's definition to that section (Trustee's Brief, p. 3). Accordingly,

---

[5] While the Trustee states in the Trustee's Brief that this code section distinguishes a motorcycle from a motor vehicle (Trustee's Brief, p. 3), the Court finds this reading of the statute to be erroneous since the statute clearly lists motorcycles as one of the categories considered a "motor vehicle type" at § 27-19-303(c)(ii).

the Trustee argues that the definition of a motorcycle as a motor vehicle in other parts of the Mississippi Code do not apply to the Exemption Statute, in which the term "motor vehicles" is undefined. The Trustee also asserts that if "the Mississippi Legislature intended for a motorcycle to be exempt, then the Legislature would have [defined motorcycles as motor vehicles in the Mississippi Exemption Statute] as it did in the [other sections of the Mississippi Code]." (Trustee's Brief, pp. 3-4).

The Trustee's argument is fundamentally flawed. If the Mississippi Legislature had defined "motor vehicles" in the Exemption Statute to include, for example, sedans, trucks, minivans, and sport utility vehicles, then the Trustee would have a better argument because the Legislature would have enumerated some types of "motor vehicles" but not included motorcycles in its enumeration. If that were the case, then the Trustee could argue that if the Legislature had wanted to include motorcycles, it certainly could have included motorcycles in its definition. The Mississippi Legislature, however, did not set forth any definition of "motor vehicles" in the Exemption Statute. If this Court were to accept the Trustee's position, then sedans would not be exempt because the Exemption Statute does not define sedans as motor vehicles. The same would be true for trucks, minivans, and sport utility vehicles. Such an interpretation of the Exemption Statute would be absurd. Accordingly, a fair reading of the Exemption Statute does not allow this Court to assume that the Mississippi Legislature meant to include sedans, trucks, minivans, and sport utility vehicles, all of which are routinely exempted from the bankruptcy estate as "motor vehicles," but exclude motorcycles from exemption.

## Conclusion

For the reasons set forth herein, the Court finds that the Exemption Statute is clear and unambiguous. The Court further finds that motorcycles fall within the category "motor vehicles" and as such are a type of tangible personal property included in the Exemption Statute. In the event that the term "motor vehicles" is not clear and unambiguous so that the Court should employ the canons of statutory construction to interpret the meaning of "motor vehicles," this Court finds as follows:

(1) In other Mississippi statutes, the ordinary use of "motor vehicles" includes motorcycles, as discussed herein;

(2) The Mississippi Legislature used the term "motor vehicles" in the Exemption Statute without adding language to include some types of motor vehicles but not others;

(3) The sections of the Mississippi Code that discuss motorcycles demonstrate that for the purposes of traffic regulation, conveyance, registration, and taxation, the Mississippi Legislature considers motorcycles to be a type of motor vehicles. Without indication to the contrary, there is no reason this Court would presume that the Mississippi Legislature had any different intent with respect to its treatment of motorcycles under the Exemption Statute.

Accordingly, the Court finds that the Trustee's Objection to Exemptions is not well-taken and should be overruled.

IT IS, THEREFORE, ORDERED that the Trustee's Objection to Exemptions hereby is overruled.

SO ORDERED.

Neil P. Olack
United States Bankruptcy Judge
Dated: August 31, 2010